**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES JACKSON, on behalf of
J.J., a minor,

     Plaintiff,             CASE NO:   09-10041

vs.                      DISTRICT JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE CHARLES E. BINDER

PATRICK CALDWELL, *et al*,

     Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR COUNSEL

This order is entered under the authority given to this Magistrate
Judge in an Order of Reference issued by District Judge Duggan
pursuant to 28 U.S.C. § 636(b)(1)(A).

In this pending motion, Plaintiff asks the Court to appoint counsel to represent the

minor in this litigation.  Minors may not be represented by an adult who is not a licensed

attorney.  Rule 17(c) of the Federal Rules of Civil Procedure states that "[w]henever an infant

or incompetent person has a representative, such as a general guardian, . . . the

representative may sue or defend on behalf of the infant or incompetent person."  FED. R.

CIV. P. 17(c).  This rule allows a guardian to sue on a minor or incompetent person's behalf,

but it does not allow the guardian to be the *legal* representative of the minor or incompetent

person unless the guardian is an attorney.

The federal courts have consistently applied this rule, which was explained by the

Second Circuit in the case of *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906

F.2d 59 (2d Cir. 1990):

> [W]e agree with *Meeker v. Kercher*, 782 F.2d 153, 154 (10th  Cir.1986) (per
> curiam), that a non-attorney parent must be represented by counsel in bringing
> an action on behalf of his or her child. . . .
>
> It goes without saying that **it is not in the interests of minors or
> incompetents that they be represented by non-attorneys.  Where they
> have claims that require adjudication, they are entitled to trained legal**

**assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.** Sole shareholders of corporations are not allowed to represent such corporations *pro se*, *see National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609-10 (11th Cir.1984), cert. denied sub nom. *Patterson v. Buena Vista Distribution Co.*, 471 U.S. 1056, 105 S. Ct. 2120, 85 L. Ed. 2d 484 (1985), a circumstance in which the identity of the litigant and *pro se* attorney is closer than the present case. To allow guardians to bring *pro se* litigation also invites abuse, as the present case may demonstrate.

*Id.* at 61 (emphasis added).

The rule and reasoning expressed in *Cheung* has been uniformly adopted by the federal courts. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (parents cannot appear *pro se* on behalf of their minor children); *Navin v. Park Ridge School District 64*, 270 F.3d 1147 (7th Cir. 2001) (non-custodial parent could not bring suit on behalf of himself and his son, acting as the son's next friend, because parent "was free to represent himself, but as a non-lawyer he has no authority to appear as [son's] legal representative"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[w]hile a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991) (vacating judgments against children because the parent, "a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court").

While this Court cannot "appoint" an attorney to represent the minor, this matter can be referred to the Pro Bono Committee in an effort to find counsel willing to undertake representation of the minor. Therefore, to the extent the pending motion seeks the Court's assistance in an effort to find counsel, the motion is **GRANTED**.

Chambers staff will prepare the necessary information concerning this litigation and forward the material to the Pro Bono Committee, together with a copy of this Order, in an effort to obtain *pro bono* legal representation for the minor plaintiff.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D.

Mich. LR 72.1(d).

                                          s/  Charles E Binder
                                        CHARLES E. BINDER
Dated: March 4, 2009                    United States Magistrate Judge


                                **CERTIFICATION**

        I hereby certify that this Order was electronically filed this date, and served by first
class mail on James Jackson, #25330-039, at FCI Gilmer, P.O. Box 6000 Glenville, WV,
26351.

Date:  March 4, 2009                    By        s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder